FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT K. COMBE,

Defendant - Appellant.

No. 11-4063

(D. Utah)

(D.C. No. 1:04-CR-00051-TS-1)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Defendant and appellant Scott K. Combe appeals the district court's order denying his motion to clarify his supervised release terms and conditions. For the following reasons, we dismiss this appeal as not ripe for judicial review.

## BACKGROUND

On November 2, 2004, Mr. Combe pled guilty to one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to thirty months' imprisonment, followed by thirty-six months of supervised release. His convicted felon status stemmed from a 1987 conviction in Idaho for lewd contact with minor children under the age of 16.

On January 26, 2007, an agent of the Federal Bureau of Prisons ("FBI") certified Mr. Combe as sexually dangerous, based upon the Idaho conviction, his psychological diagnosis of Pedophilia, Sexually Attracted to Males, and his risk assessment, which indicated that "he will have serious difficulty refraining from sexually violent conduct or child molestation if released." R. Vol. 1 at 111. This had the effect of automatically staying Mr. Combe's release from custody, pursuant to 18 U.S.C. § 4248. Thus, although Mr. Combe was scheduled to be released from prison three days later (on January 29), because of his certification as sexually dangerous, he was not released, and he remains in custody, housed apparently in the civil commitment unit. He has not yet, however, been formally determined to be sexually dangerous. The government has described his civil

commitment hearing to make that determination as "upcoming." Br. for United States at 11.

Mr. Combe then filed a motion to dismiss the certification petition in the Eastern District of North Carolina, arguing that 18 U.S.C. § 4248 is unconstitutional for many reasons, including that it violates due process and presents *ex post facto* challenges. The district court initially granted Mr. Combe's motion, but his release was immediately stayed and the order was ultimately vacated by the Fourth Circuit Court of Appeals. United States v. Broncheau, 759 F. Supp. 2d 682 (E.D.N.C. 2010), vacated, 2011 WL 2043956, at *8 (4th Cir. May 26, 2011).

Additionally, on February 5, 2010, Mr. Combe filed a writ of habeas corpus under 28 U.S.C. § 2241, in which he claimed, *inter alia*, due process and *ex post facto* problems. His habeas petition was denied without prejudice as moot after Mr. Combe had received his order for release in Broncheau, which has since been vacated. The upshot is that Mr. Combe remains incarcerated in North Carolina.

On March 1, 2009, Mr. Combe wrote a letter to the sentencing court in the District of Utah asking when his term of supervised release was supposed to start running. There apparently is no response to that letter. On February 18, 2010, Mr. Combe wrote to the Office of Probation and Pretrial Services for the District of Utah, also asking whether his term of supervised release had started. On April 26, 2010, a probation officer responded to Mr. Combe's inquiry, stating that

his "36-month term of supervised release will not commence until you are released from federal custody or the start of a civil commitment in federal custody." R. Vol. 1 at 106. Quoting an opinion written by a member of the General Counsel of the Administrative Office of the Courts, the probation officer explained that when the government initiates a § 4248 civil commitment proceeding by certifying that an offender is sexually dangerous, the prisoner's release is stayed. Accordingly, the term of supervised release does not commence, "because the offender has not been *released* from imprisonment." R. Vol. 1 at 105 (further quotation omitted).

On August 25, 2010, Mr. Combe filed a motion asking the sentencing court to clarify when his term of supervised release would start. The sentencing court evidently interpreted his motion as seeking a declaration that his term of supervised release had expired. On March 18, 2011, the sentencing court denied his motion, concluding that his term of supervised release had not commenced because he had not yet been released from imprisonment. This appeal followed.

## DISCUSSION

The Adam Walsh Child Protection and Safety Act, Pub. L. 109-248, provides in part that "[An] individual authorized by . . . the Director of the Bureau of Prisons, may certify that [a person in custody] is a sexually dangerous person. [Such a] certificate . . . shall stay the release of the person pending [a

court's hearing to determine the person's dangerousness.]"  18 U.S.C. § 4248(a).

It appears that Mr. Combe has not yet had that hearing.  As a result, we do not

know whether Mr. Combe will be determined to be a sexually dangerous person

or not, under 18 U.S.C. § 4247.  The government concedes that, if he is not found

to be sexually dangerous, he will be "freed from confinement."  Br. of United

States at 13.

At that point, the issue of whether Mr. Combe is subject to supervised

release, or should be deemed to have already effectively endured his supervised

release, will be squarely presented.  As of now, any ruling on his supervised

release is premature.

Article III restricts the jurisdiction of federal courts to actual controversies

and prohibits mere advisory opinions.  Clark v. State Farm Mut. Auto. Ins. Co.,

590 F.3d 1134, 1138 (10th Cir. 2009).  "Ripeness doctrine is rooted both in the

jurisdictional requirement that Article III courts hear only 'cases and

controversies' and in prudential considerations limiting our jurisdiction."  Alto

Eldorado Partnership v. County of Santa Fe, 634 F.3d 1170, 1173 (10th Cir.

2011).  We have stated that the "[r]ipeness doctrine addresses a *timing* question:

*when* in time is it appropriate for a court to take up the asserted claim."  Kansas

Judicial Review v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008).

"Generally, we apply a two-factor test to determine whether an issue is

ripe.  We evaluate 'the fitness of the issue for judicial resolution and the hardship

to the parties of withholding judicial consideration.'" Id. (quoting Sierra Club v. Yeutter, 911 F.2d 1405, 1415 (10th Cir. 1990)). We have characterized the fitness inquiry as "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." Salt Lake Tribune Publishing Co. v. Management Planning, Inc., 454 F.3d 1128, 1140 (10th Cir. 2006) (further quotation omitted). The hardship inquiry involves "whether the challenged action creates a direct and immediate dilemma for the parties." Id. (further quotation omitted).

In this case, what remains unresolved is whether Mr. Combe will be determined to be sexually dangerous, or whether he will be freed from confinement. "Whether a judicial determination of the starting date of his supervised release affects [Mr. Combe's] legal rights depends upon how those questions are answered." United States v. Seger, 2011 WL 3555670, at *4 (D. Maine, Aug. 8, 2011). Furthermore, as in Seger, with respect to hardship, "no matter the Court's ruling, [Mr. Combe] will remain in custody pending his § 4248 hearing and, therefore, the Court's order would have no immediate effect on [Mr. Combe]."

Finally, we note that, according to the government and as explained above, Mr. Combe has, in essence, filed 28 U.S.C. § 2241 habeas petitions in the court of the jurisdiction where he is confined (the Eastern District of North Carolina), arguing that his confinement violates his constitutional rights. See Br. of United

-6-

States at 12 n.6.  The exact status of those petitions and/or proceedings as of now is unclear, but that is the proper venue for Mr. Combe to challenge his confinement pursuant to the Adam Walsh Act.

In short, we find his motion here to be premature, and not ripe for review. We accordingly dismiss it without prejudice for lack of jurisdiction.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge