FILED
United States Court of Appeals
Tenth Circuit

January 23, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SCOTT KEVIN COMBE,

    Defendant-Appellant.

No. 12-4110

(D.C. No. 1:04-CR-00051-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Scott Combe appeals from the district court's order denying his pro se

motion to alter or amend the terms of an amended judgment imposing a six-month

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

revocation sentence and a related thirty-month term of supervised release. Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In April 2004, a federal grand jury in the District of Utah returned a two-count

indictment charging Combe with possession of firearms and ammunition by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1). On August 4, 2004, Combe pleaded guilty to

Count 1 of the indictment, which charged him with possession of firearms by a convicted

felon. In doing so, Combe conceded, in part, that he had previously been convicted in the

State of Idaho for lewd contact with a minor child under the age of sixteen. On

November 4, 2004, Combe was sentenced to a term of imprisonment of thirty months, to

be followed by a thirty-six month term of supervised release.

On January 26, 2007, just days short of the expiration of his term of imprisonment,

an agent of the Federal Bureau of Prisons (BOP) certified Combe "as sexually dangerous,

based upon the Idaho conviction, his psychological diagnosis of Pedophilia, Sexually

Attracted to Males, and his risk assessment, which indicated that 'he will have serious

difficulty refraining from sexually violent conduct or child molestation if released.'"

United States v. Combe, 437 F. App'x 644, 645 (10th Cir. 2011). "This had the effect of

automatically staying . . . Combe's release from custody, pursuant to 18 U.S.C. § 4248."

Id. Combe thus remained in BOP custody. Id.

Combe filed two separate actions in the Eastern District of North Carolina, where

he was housed by the BOP, seeking release from custody. First, Combe filed a motion to

dismiss the certification petition, arguing that 18 U.S.C. § 4248 is unconstitutional. Combe's motion was ultimately unsuccessful. United States v. Broncheau, 759 F. Supp. 2d 682 (E.D.N.C. 2010), vacated, 645 F.3d 676, 686-88 (4th Cir. 2011). Second, Combe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. That petition was also unsuccessful. See Combe, 437 F. App'x at 645.

In early 2010, Combe "wrote to the Office of Probation and Pretrial Services for the District of Utah, . . . asking whether his term of supervised released had started." Id. In April 2010, a probation officer responded and informed Combe that his term of supervised release had not yet commenced because he had not yet been released from imprisonment.

On August 25, 2010, Combe filed a motion with the sentencing court in the District of Utah asking for clarification of when his term of supervised release would start. The motion was ultimately dismissed by this court without prejudice as "premature, and not ripe for review." Id. at 647.

On October 6, 2011, Combe was released from BOP custody and began his term of supervised release. ROA, Vol. 1, at 149. Less than two months later, on December 23, 2011, a warrant was issued for Combe's arrest for allegedly violating the terms of his supervised release by associating with a convicted felon. Combe was arrested and, on January 17, 2012, appeared before the district court and admitted guilt to the alleged violations. The district court sentenced Combe to a term of imprisonment of six months, to be followed by a thirty-month term of supervised release.

3

On or about April 17, 2012, Combe sent a pro se letter to the district court asking "if a deal could be made to get the remainder of [his] supervised release dropped." Id. at 147. Specifically, Combe proposed "serv[ing] . . . 11 months on the [prior supervised release] violation[s]" in exchange for the district court "drop[ping] the remaining supervised release." Id.

The district court construed Combe's letter as a motion to amend judgment and, on June 12, 2012, issued an order denying that motion. In its order, the district court stated, in pertinent part:

> To the extent that Defendant requests the Court amend the amended judgment to provide for no term of supervised release, the Court declines this request. However, Defendant may request the Court terminate his supervised release under 18 U.S.C. § 3585(e)(1). If Defendant seeks early termination of his supervised release term, he is directed to file such a motion with the Court addressing those factors set out in 18 U.S.C. § 3585(e)(1) and 18 U.S.C. § 3553(a).

Id. at 149.[1]

Combe now appeals from the district court's June 12, 2012 order.

## II

In his opening brief, Combe complains that he "was wrongfully classified by the [BOP] in violation of the . . . Due Process Clause" and "held in a penal institution from Jan. 2007 to Oct. 2011 on a civil matter." Aplt. Br. at 2. In support, Combe argues that

---

[1] The government asserts in its appellate response brief, and we agree, that the district court's citations to 18 U.S.C. § 3585(e)(1) were clearly intended to be to 18 U.S.C. § 3583(e)(1).

he "had already served 10 years in state prison for the sex offence [sic] [he] committed in 1987," and that "[h]olding [him] in prison again, 20 years after [he] committed the crime is double Jeopardy." Id. at 4. Combe asks us to "vacate the remainder of [his] probation," presumably referring to the term of supervised release imposed by the district court on January 17, 2012.

We conclude, however, that this appeal is not the proper vehicle for Combe to challenge the legality of his term of supervised release. This appeal, as we have noted, arises solely from the district court's denial of Combe's motion to amend the amended judgment entered by the district court on January 17, 2012. Combe's appellate brief offers us no basis for overturning that order and, in any event, we are not persuaded that any such basis exists.

Generally speaking, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed. Dillon v. United States, 130 S. Ct. 2683, 2687 (2010). That said, a district court can modify a previously-imposed sentence under the three limited circumstances described in 18 U.S.C. § 3582(c): (1) upon motion of the Director of the BOP; (2) if such modification is otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. But, as the government correctly argues, none of those circumstances are present here.

A district court also possesses authority to "terminate a term of supervised release

5

and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). As we have noted, the district court in this case expressly advised Combe that he could file a motion to terminate his term of supervised release pursuant to § 3583(e)(1). But Combe has not done so and instead has pursued this appeal from the district court's June 12, 2012 order. To be sure, we recognize that the letter Combe filed with the district court sought termination of his term of supervised release. But, as the district court effectively noted, that letter was not framed in terms of the requirements outlined in § 3583(e)(1). Nor, we note, did the letter reference the arguments that Combe now makes in his appellate brief. Consequently, we conclude the district court did not abuse its discretion in requiring Combe to file a proper motion for termination of his supervised release under § 3583(e)(1). See generally Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006) (applying abuse of discretion standard to district court's procedural ruling).

AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Chief Judge


6