**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ELIAS VEGA AMADO,

      Defendant-Appellant.

Nos. 15-6162 & 16-6041

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:13-CR-00062-HE-1)**

---

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Steven W. Creager, Assistant United States Attorney (Mark A. Yancey, Acting United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **GORSUCH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

      Defendant Elias Vega Amado appeals two district court decisions denying his respective motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Because these appeals do not require us to address the scope of the district court's authority under § 3582(c)(2), we review its decisions only for an abuse of discretion.

United States v. Kurtz, 819 F.3d 1230, 1233 (10th Cir. 2016). Wading through this imbroglio, we affirm the district court's decision to deny Defendant's first motion, vacate its decision to deny his second motion, and remand with instructions to dismiss the latter motion for want of subject-matter jurisdiction.

I.

Defendant, an illegal immigrant, was caught in 2013 with lots of guns, ammunition, drugs, money, and other incriminating evidence. Officials seized 525.4 grams of methamphetamine, 15.1 grams of cocaine, more than $425,000 in cash, at least 8 firearms, and loads of ammunition, including a hand grenade, all attributable to Defendant. The Government charged Defendant in a five-count indictment with (1) possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (3) being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A); (4) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (5) reentering the United States illegally in violation of 8 U.S.C. § 1326(a)(1). Defendant pled guilty to Counts 1 and 5 of the indictment pursuant to a plea agreement. As part of his plea agreement, Defendant "knowingly and voluntarily waive[d] his right to . . . move to modify under 18 U.S.C. 3582(c)(2) or some other ground, his sentence as imposed by the court[.]" Based on an offense level of 37 and a criminal history category of II, Defendant's guideline range was 235 to 293

2

months' imprisonment on the drug count. The district court sentenced Defendant to 240 months' imprisonment on that count and a concurrent term of 120 months' imprisonment (the maximum allowable) on the illegal reentry count. Consistent with the terms of his plea agreement, Defendant did not pursue a direct appeal.

Subsequently, Amendment 782 to the Sentencing Guidelines took effect on November 1, 2014. U.S.S.G. app. C suppl., amend. 782 at 64 (2015). Amendment 782 "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines' minimum sentences for drug offenses." Kurtz, 819 F.3d at 1234 (internal quotations omitted). Application of Amendment 782 to Defendant's drug conviction would reduce his offense level to 35 and his applicable guideline range to 188 to 235 months' imprisonment. Despite his plea waiver, Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence. Section 3582(c)(2) empowers a district court to reduce a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Importantly, a sentence reduction is not mandatory in the case of a qualifying defendant. Rather, "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). The Government opposed Defendant's motion both on the basis of his plea waiver and

3

the seriousness of his criminal misconduct. The district court denied the motion without explanation and Defendant appealed.

Three months after filing his first appeal, Defendant moved to "hold briefing in abeyance." According to Defendant, the Government had decided not to oppose any subsequent motion he might make for a sentence reduction pursuant to § 3582(c)(2) and Amendment 782. We tolled briefing. With his first appeal still pending, Defendant returned to district court and again moved for a reduction of sentence. And again the district court denied the motion. This time, however, the court explained in a written order not only why it denied Defendant's second motion but also his first motion. The court opined that Defendant's first motion did not present a close question. In his plea agreement, Defendant had waived his right to pursue a sentence reduction under § 3582(c)(2). Additionally, the seriousness of Defendant's criminal conduct coupled with a previous conviction for illegal gun possession amply supported the Government's original concern for public safety and a substantial sentence based on the § 3553(a) sentencing factors.[1]

The district court then turned to Defendant's second motion. The court initially questioned its jurisdiction over the motion, referring to the oft-cited rule that

---

[1] Section 3553(a) sets forth various factors a district court must consider in imposing sentence on a defendant. These include, among other factors, the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, provide adequate deterrence, protect the public, and provide the defendant with needed training or treatment.

a notice of appeal generally divests the district court of jurisdiction over issues on appeal. See United States v. Battles, 745 F.3d 436, 448 (10th Cir. 2014). The court ultimately but reluctantly relied, however, on an obscure federal rule to exercise jurisdiction. Federal Rule of Criminal Procedure 37 is entitled "Ruling on a Motion for Relief That is Barred by a Pending Appeal." Subsection (a), applicable here, provides:

> If a *timely* motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a) (emphasis added).[2]

Proceeding to the merits, the district court construed Defendant's second motion for a sentence reduction as "in substance, a motion to reconsider the prior denial." So construed, the court relied on our decision in United States v. Randall, 666 F.3d 1238 (10th Cir. 2011), and held the motion *untimely* because it was filed

---

[2] In United States v. Cronic, 466 U.S. 648 (1984), the Supreme Court appears to have endorsed the approach outlined in Rule 37. There the district court denied defendant's timely motion for a new trial based on a lack of jurisdiction because the case was pending on direct appeal. The Supreme Court commented: "[T]hat ruling was erroneous. The District Court had jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." Cronic, 466 U.S. at 667 n.42.

5

more than 14 days—the time period in which to pursue a criminal appeal—after denial of Defendant's first motion. Accordingly, the district court denied Defendant's second motion and he appealed a second time.[3]

## II.

We see no problem with the district court's resolution of Defendant's first § 3582(c)(2) motion for reduction of sentence on the basis of his plea waiver, so we need not address its merits ruling. Addressing his plea waiver, Defendant argues he could not have knowingly and voluntarily waived his right to seek a sentence reduction under § 3582(c)(2) based on Amendment 782 because the amendment did not exist at the time of his plea. We are unpersuaded.

In United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (per curiam) (en banc), we rejected the proposition that a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence. Id. at 1326. We observed that a defendant's waiver of the legal consequences of unknown future events are commonplace and enforceable. Id. Hahn requires us to reject the indistinguishable proposition that Defendant could not have knowingly and voluntarily waived his right to file a motion for reduction of

---

[3] In the alternative, the district court held § 3582(c)(2) did not possess it with "some sort of free-floating, continuing authority" to consider successive motions for a sentence reduction. We resolve Defendant's second appeal without addressing the court's alternative holding, one that undoubtedly goes to the scope of § 3582(c)(2).

6

sentence pursuant to § 3582(c)(2) because he could not have known that the Sentencing Commission would enact Amendment 782. To rule otherwise would make Defendant's promise not to seek relief under § 3582(c)(2) purely illusory. To say that Defendant's waiver is effective only if he already qualified for a sentence reduction at the time he was sentenced is to say his waiver means nothing. See United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) ("Defendants who appeal from sentences following plea agreements *always* point to unanticipated . . . developments." (emphasis in original)). In fact, Defendant's waiver would have been unnecessary as presumably the district court would have sentenced him under the new, lower guideline range. Because (1) Defendant's first § 3582(c)(2) motion fell within the scope of his § 3582(c)(2) plea waiver, (2) he knowingly and voluntarily waived his rights under the statute, and (3) a miscarriage of justice did not result from enforcement of the waiver, we affirm the district court's decision to deny Defendant's first motion. See Hahn, 359 F.3d at 1325 (outlining the requirements for an effective plea waiver).

Turning to Defendant's second § 3582(c)(2) motion, the only problem we discern with the district court's decision is that, after having ruled the motion was untimely, the court denied the motion rather than dismissed it. Before a district court may exercise jurisdiction under Fed. R. Crim. P. 37—and effectively sidestep the rule that a notice of appeal divests it of jurisdiction as to matters pending on appeal—the motion for relief must be timely. Id. R. 37(a). In Randall, we held "a

7

motion for reconsideration of the denial of a § 3582(c)(2) motion must be brought within the time for appeal." Randall, 666 F.3d at 1242. According to Fed. R. App. P. 4(b), that time limit, albeit non-jurisdictional, is 14 days. Here, Defendant filed his second motion for reduction of sentence five months after the denial of his first motion. Because Defendant's second motion was untimely, Rule 37 does not apply. Rather, Defendant's notice of appeal from the denial of his first motion deprived the district court of jurisdiction to rule on his second motion.

To all this, Defendant asserts the district court erred in construing his second § 3582(c)(2) motion as a motion to reconsider. Without reference to any caselaw or other authority, Defendant tells us the motion was an entirely new one because the Government withdrew its objections to the relief he sought in his first motion. We think not. The district court acted well within its discretion in construing the motion as one for reconsideration. The substance of the motion, not its form or label, controls its disposition. Andersen v. United States, 298 F.3d 804, 807 (9th Cir. 2002). A proper motion to reconsider does not simply state facts previously available or make arguments previously made. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." Id. This is precisely the situation here. Defendant, in effect, moved the district court to reconsider its prior denial of a reduction of sentence on the ground that the Government no longer objected to such relief. Cf. id. (noting a motion for

8

reconsideration is proper where the court has misapprehended a party's position).

Defendant's second motion falls within the very definition of a motion to reconsider.

As to Appeal No. 15-6162, the decision denying Defendant's first § 3582(c)(2) motion is AFFIRMED. As to Appeal No. 16-6041, the decision denying Defendant's second § 3582(c)(2) motion is VACATED. That cause is remanded to the district court with instructions to DISMISS the motion for lack of subject-matter jurisdiction.