**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON CHRISTOPHER LUJAN,

    Defendant - Appellant.

No. 21-6088
(D.C. No. 5:10-CR-00053-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Defendant-Appellant Jason Christopher Lujan, a federal inmate, appeals from

the district court's denial of his motion for a sentence reduction under 18 U.S.C.

§ 3582(c)(2).  See United States v. Lujan, No. CR-10-00053, 2021 WL 3204492

(W.D. Okla. July 28, 2021).  On appeal, Mr. Lujan challenges the district court's

conclusion that the waiver contained in his plea agreement is enforceable.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

## Background

In June 2010, Mr. Lujan pled guilty to a two-count superseding information charging him with being a felon in possession of a firearm and conspiracy to distribute a controlled substance.  1 R. 44–54.  Mr. Lujan's plea agreement contained the following waiver: "[D]efendant . . . knowingly and voluntarily waives his right to . . . [a]ppeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court . . . provided the sentence is within or below the advisory guideline range . . . ."  1 R. 51–52.  In January 2011, the court sentenced Mr. Lujan within the guideline range to 324 months' imprisonment with each count to be served concurrently.  1 R. 122–23.

In August 2019, Mr. Lujan filed a motion to reduce his sentence pursuant to § 3582(c)(2).  1 R. 136.  Mr. Lujan argued that his sentence should be reduced based on Amendment 782 to the Sentencing Guidelines, which applies retroactively and reduces the base offense levels assigned to drug quantities under U.S.S.G. § 2D1.1.  1 R. 136.  The government opposed the motion, conceding that Mr. Lujan was eligible for a sentence reduction but arguing that the court must enforce the appeal waiver in his plea agreement.  1 R. 138–52.  The district court enforced the waiver and denied the motion.  Lujan, 2021 WL 3204492, at *1.

## Discussion

We review de novo whether a defendant's appeal waiver as stated in his plea agreement is enforceable.  United States v. Lonjose, 663 F.3d 1292, 1297 (10th Cir. 2011).  This court uses the following three-factor test to determine an appeal waiver's

enforceability: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). A miscarriage of justice results only in situations where: (1) the sentencing court "relied on an impermissible factor"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." Id. at 1327 (quoting United States v. Elliot, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" where it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

On appeal, Mr. Lujan argues that to enforce his waiver would result in a miscarriage of justice. Aplt. Br. at 4. Mr. Lujan claims that the waiver is "otherwise unlawful" because it "prevent[s] [him] from pursuing a statutory right consistent with the Sentencing Commission's goals of achieving consistency and uniformity." Aplt. Br. at 6. However, our precedent squarely rejects this argument, and one panel may not overrule another. This court has enforced a nearly identical waiver in the context of a § 3582(c)(2) motion based on Amendment 782. United States v. Amado, 841 F.3d 867, 871 (10th Cir. 2016). "[A] defendant's waiver of the legal consequences of unknown future events are commonplace and enforceable. . . . To rule otherwise would make Defendant's promise not to seek relief under § 3582(c)(2) purely

3

illusory." <u>Id.</u>  The district court correctly concluded that Mr. Lujan's appeal waiver is enforceable.

      AFFIRMED.

                            Entered for the Court


                            Paul J. Kelly, Jr.
                            Circuit Judge