**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HOWARD D. TRAVIS,

    Defendant - Appellant.

No. 24-2086
(D.C. No. 2:22-CV-00315-MIS-JHR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Pro se Plaintiff Howard D. Travis appeals the district court's judgment against him for his unpaid federal-income-tax liabilities. He contends on appeal that the government's claim against him is barred by res judicata. We exercise jurisdiction under 28 U.S.C. § 1291. Because the district court did not abuse its discretion in refusing to consider Mr. Travis's untimely res judicata defense, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Travis failed to file income-tax returns for tax years 2007 through 2012. On January 12, 2022, the government filed suit in the United States District Court for the Southern District of Ohio (the Ohio case) to enforce tax liens against real property owned by Mr. Travis and his wife. On June 30, 2023, the district court ruled that the Ohio property was encumbered by federal tax liens and appointed a receiver to sell it. After the Ohio property was sold, the district court disbursed the net proceeds to the government and closed the case. The sale proceeds were sufficient to satisfy Mr. Travis's tax liabilities for tax years 2007 through 2009. Mr. Travis remained liable for his unpaid taxes for tax years 2010 through 2012.

On April 26, 2022, while the Ohio case was still pending, the government filed a complaint in the United States District Court for the District of New Mexico seeking judgment against Mr. Travis for his unpaid federal-income-tax liabilities. Mr. Travis filed his answer on June 29, 2022. On January 19, 2024, after the government received the proceeds from the sale of Mr. Travis's Ohio property, it moved for summary judgment on Mr. Travis's remaining liabilities for tax years 2010 through 2012.[1] On February 27, 2024, the district court granted the government's motion subject to the government's providing a supplemental memorandum and evidence showing the precise amount owed. On March 11, 2024, Mr. Travis sent the court a

---

[1] The government and the district court characterized this motion as a motion for *partial* summary judgment, presumably because the government was no longer seeking all the relief it initially requested in its complaint.

letter enclosing his untimely response to the summary-judgment motion; it raised the defense of res judicata for the first time. Construing Mr. Travis's filing as a motion under Fed. R. Civ. P. 59(e), the district court rejected his argument because he had failed to plead his res judicata defense as an affirmative defense as required by Fed. R. Civ. P. 8(c). In the alternative, the court ruled that Mr. Travis had not satisfied his burden of proof on his res judicata defense. The court thereafter entered final judgment in favor of the government.

## II.    DISCUSSION

Mr. Travis argues on appeal that the district court erred in refusing to consider his res judicata defense. We disagree. The district court acted well within the bounds of its discretion.

Fed. R. Civ. P. 8(c) states that "[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense." The rule specifically lists res judicata as an affirmative defense. As we have said, that defense "must usually be pleaded by the parties pursuant to Fed. R. Civ. P. 8(c) or it is lost." *United States v. Mitchell*, 518 F.3d 740, 749 (10th Cir. 2008). "As a general rule, a defendant waives an affirmative defense by failing to plead it." *Burke v. Regalado*, 935 F.3d 960, 1040 (10th Cir. 2019); *see* 5 Charles Alan Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice and Procedure* § 1270 at 600 (4th ed. 2021) (explaining that Rule 8(c) "require[es] the defendant to plead any of the listed affirmative defenses . . . that it wishes to raise *or risk waiving them*" (emphasis added)). Nevertheless, we have held that a party can raise "an affirmative defense for the first

time in a post-answer motion . . . ." *Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006) (internal quotation marks omitted). We treat such untimely assertions of affirmative defenses as motions to amend the answer. *See id.* at 1202. "Because we review for abuse of discretion a district court's ruling on a motion to amend, we apply the same standard to a ruling on whether an affirmative defense may first be raised in a motion for summary judgment." *Id.* (citation omitted); *see Sky Harbor Air Serv., Inc. v. Reams,* 491 F. App'x 875, 883–84 (10th Cir. 2012) (applying the abuse-of-discretion standard to the district court's refusal to consider an untimely affirmative defense raised after partial summary judgment was granted).

Because of the timing of Mr. Travis's motion, it could be construed as either a Fed. R. Civ. P. 59(e) motion or a Fed. R. Civ. P. 54(b) motion. *See United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) ("The substance of the motion, not its form or label, controls its disposition."). We therefore consider each possibility in turn. We conclude that under either rule, the district court did not err in refusing to consider Mr. Travis's res judicata defense. We look first to whether the district court permissibly refused to consider Mr. Travis's res judicata argument if his motion arose under Rule 59(e). We conclude that it did. A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005). It is not appropriate where, as here, the proffered defense could have (and should have, under Rule 8(c)) been raised earlier. *See id.* (Under Rule 59(e), "[i]t is not appropriate to . . . advance arguments that could have been raised in prior briefing."); *Kipling v. State*

*Farm Mut.*, 774 F.3d 1306, 1309 (10th Cir. 2014) (affirming a district court's refusal to consider an argument in a Rule 59(e) motion because that argument could have been raised earlier in the litigation). We reach the same conclusion if we treat Mr. Travis's pleading as a motion under Rule 54(b). Rule 54(b) states that "any order or other decision" that "does not end the action as to any of the claims or parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

But Rule 54(b) does not *require* district courts to address every new issue raised. That proposition is particularly true when it comes to a party's request to add a claim or a defense. As stated above, we treat invocations of untimely affirmative defenses as constructive motions to amend the answer. *See Ahmad*, 435 F.3d at 1202. And "we have often found untimeliness alone a sufficient reason to deny leave to amend." *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799–800 (10th Cir.1998) (internal quotation marks omitted) (district court did not abuse its discretion in refusing to allow party to amend complaint 19 months after filing original complaint and after court orally granted summary judgment); *see also Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (district court did not abuse its discretion in refusing to allow party to amend more than two years after filing original complaint); *Burke v. Holdman*, 750 F. App'x 616, 624 (10th Cir. 2018) (district court did not abuse its discretion in refusing to allow party to amend complaint almost a year after

it was put on notice of affirmative defense). Only after the district court conditionally granted summary judgment, 21 months after Mr. Travis filed his initial answer, did he raise his res judicata defense for the first time. He has not offered an adequate justification for his failure to amend at an earlier date. He states that he only "recently learned of the principle of res judicata/ claim preclusion," Aplt. App. at 233; but "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).

Citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009), Mr. Travis argues that the district court abused its discretion because the government was not prejudiced by his late-raised defense. But *Kreisler* stands only for the proposition that in the absence of prejudice, the district court has discretion to recognize a late defense. *See id*. Indeed, if the res judicata defense was clearly established on the record, the district court might have given Mr. Travis some leeway. But, if anything, the defense appears highly questionable. *See* Restatement (Second) of Judgments § 30 cmt. b (Am. Law. Inst. 1982) ("A judgment in an action based on jurisdiction over a thing is conclusive with respect to interests in the thing, but does not bind anyone with respect to a personal liability . . . . Thus a judgment foreclosing a mortgage . . . does not merge or discharge the unpaid portion of the personal debt secured."). The district court here chose not to bend the rules for Mr. Travis. It did not abuse its discretion in so doing.

## III.    CONCLUSION

We **AFFIRM** the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge